# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| IVERSON DAMON LANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-143 |
| | ) | |
| SHERIFF J. WILCHER and MR. PANNIZO, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Iverson Damon Lang, proceeding *pro se*, has submitted a 42 U.S.C. § 1983 Complaint alleging inadequate access to legal research materials. Doc. 1. The Court granted plaintiff's request to proceed *in forma pauperis* (IFP), doc. 3, and he has filed all necessary forms and documentation, doc. 4 & 5. The Court now proceeds to screen his Complaint pursuant to 28 U.S.C. § 1915A.[1] For the following reasons, this claim should be **DISMISSED**.

---

[1] As the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

## BACKGROUND

Plaintiff is currently confined at the Chatham County Detention Center. Doc. 1 at 3. During his confinement, he has requested the law librarian to provide "information on federal lawsuits, dealing [with] codes: Doc and Civ." *Id*. Pannizo, the supervisor of the library, informed plaintiff that they did not carry the requested materials. *Id*. Plaintiff was provided with a tablet, in two-hour sessions, to conduct legal research, but he found the resource to be inadequate as it did not contain "materials that will tell you anything about federal case, like codes dealing with 'Civ' or Doc.'" *Id*. at 5.

## ANALYSIS

I. **Sheriff Wilcher**

Plaintiff has not asserted a claim against Sheriff Wilcher that is cognizable under § 1983. The references to Sheriff Wilcher in the Complaint are based on his position as "overseer over this county jail." Doc. 1 at 4. Section 1983 claims cannot be based upon supervisory or *respondeat superior* liability. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). In the

absence of any substantive allegations against Sheriff Wilcher, therefore, this claim should be **DISMISSED**.

## II. Mr. Pannizo

Liberally construed, the Complaint alleges that plaintiff has been denied meaningful access to the courts by the jail law library not providing his desired research materials. Prisoners and detainees proceeding *pro se* have a right to meaningful access to the courts, including some right to legal research materials. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *see also Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (deprivation of that right may be actionable where "the prison official's actions which allegedly infringed on an inmate's right of access to the courts [ ] frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim."). A deprivation of this right, however, requires an actual injury to be suffered. *Lewis v. Casey*, 518 U.S. 343, 352 (1996). Specifically, a plaintiff must claim that the denial of access to legal resources prejudiced him in a criminal appeal, post-conviction matter, or in a § 1983 claim. *Id.* at 354–55.

Plaintiff's complaint suggests that the alleged denial of legal research materials caused the dismissal of a "civil claim." Doc. 1 at 5.

Though unclear from the Complaint, the Court presumes this to refer to his previously filed § 1983 claim, in which he raised objections similar to those asserted here in responding the Court's recommendation of dismissal. *Lang v. Brown*, CV419-003, docs. 47 & 49 at 3. Fatally to this claim, plaintiff suffered no prejudice or injury as the recommendation of dismissal was vacated and the prior case remains open. CV419-003, docs. 50. The Court can conjure no other potential injury from the Complaint.

Even if plaintiff alleged that his ability to pursue a claim was impeded, the resources made available were adequate. Physical law libraries and books are not the only acceptable means for accommodating legal research needs. *See Bounds*, 430 U.S. 830–31 ([W]hile adequate law libraries are one constitutionally acceptable method to assure meaningful access to the courts, our decision here . . . does not foreclose alternative means to achieve that goal."). Plaintiff has conceded that he was provided with a tablet for conducting legal research. Doc. 1 at 5. Though limitations were imposed on the amount of time that he was permitted to use the tablet, plaintiff has not suggested that such limitation hindered his ability to pursue his case. *See Juiffre v. Broward Sheriff's Office*, 717 Fed. App'x. 886 (11th Cir. 2017) (a policy requiring

inmates to request up to four cases per week by providing exact citations and not allowing access to a physical law library was not sufficient to establish a denial of access to courts absent a showing of actual injury).

Plaintiff has alleged that the research tablet did not provide information relevant to his claim. His Complaint, however, suggests that the source of his frustration is not truly in the lack of adequate resources, but in confusion over how to conduct legal research. As any first-year law student will attest, legal research is not intuitive and can be extremely challenging to those without some degree of experience. Plaintiff specifically points to a lack of resources dealing with codes "Doc" and "Civ." This nomenclature, however, does not refer to sections of a state or federal code, but rather to docket and case references used internally by courts, usually in reference to specific cases.[2] For this reason, there is no physical collection of cases or statutes relating to these terms. Plaintiff would be well served to use the resources available, including the law librarians, to best structure his future research

---

[2] In the Southern District of Georgia, "doc." followed by a reference number is used as a reference to a specific document in a case docket. "Civ" is commonly used to distinguish civil cases, from other matters, such as criminal or administrative. The abbreviation may also appear in citations to the Federal Rules of Civil Procedure, *i.e.*, "Fed. R. Civ. P."

strategy. The difficulties he faces, however, do not amount to denying him access to the courts. Therefore, this claim should be **DISMISSED**.

## CONCLUSION

Accordingly, the Complaint should be **DISMISSED**. It is also time for Lang to pay his filing fee. Since his PLRA paperwork reflects an average monthly balance of $167.83, doc. 5 at 1, he owes an initial partial filing fee of $33.57 at this time. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist"). Lang's custodian (or designee) shall, therefore, set aside and remit 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order and Report and Recommendation (R&R) to Lang's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to Lang's new custodian. The balance due from

plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. §636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 9th day of January, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA