# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

IVERSON DAMON LANG,

      Plaintiff,

v.

SHERIFF J. WILCHER, ET AL.;

      Defendants.

CIVIL ACTION NO.: 4:19-cv-143

## O R D E R

*Pro se* plaintiff Iverson Lang filed a Complaint against Sheriff Wilcher and "Mr. Pannizo," a law librarian at Chatham County Detention Center. (*See* doc. 1). The Magistrate Judge recommended that the Complaint be dismissed. (Doc. 6). The Clerk mailed a copy of the Report and Recommendation to Lang at Chatham County Detention Center, but Lang had been transferred to the Federal Correctional Institution in Jesup, Georgia.[1] (*See* doc. 8). Despite Lang's objection, the Court concurs with the Magistrate's recommendation and adopts it as the opinion of the Court.

Lang first objects that his claim against Sheriff Wilcher was recommended for dismissal because he failed to assert any claim against him. (Doc. 8 at 1). He notes only that Sheriff Wilcher was included in his "paper work." (*Id*). What the Magistrate Judge noted, correctly, is that Lang's Complaint was devoid of any substantive factual allegation against Sheriff Wilcher. (Doc. 6 at 2-3). Sheriff Wilcher was, apparently, included in the Complaint only because of his supervisory and managerial responsibilities for the jail. (*Id.* (citing doc. 1 at 4)). As the Report

---

[1] The Clerk is **DIRECTED** to update Lang's mailing address on the docket to reflect his new place of incarceration.

and Recommendation correctly explained, supervisory authority alone cannot be the basis of a 42 U.S.C. § 1983 claim. (*Id.* (citing, *inter alia*, *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a *respondeat superior* theory of liability."))). Since neither the original Complaint nor the objection indicate that Sheriff Wilcher has personally participated in any alleged denial of Lang's rights, the Magistrate correctly determined that claim should be dismissed.

His subsequent objection that the access to legal material provided, *via* electronic tablets, is insufficient also fails to respond to the gravamen of the Magistrate's recommendation. (*See* doc. 8 at 1). His objection asserts, merely, that the time limitation imposed on use of the tablets "hinders [his] ability to pursue [his] case." (*Id.*) The Magistrate explained that a claim based on denial of access to legal materials requires an allegation "that the denial of access to legal resources prejudiced him in a criminal appeal, post-conviction matter, or in a § 1983 action." (Doc. 6 at 3 (citing *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996))). As the Supreme Court explained in *Lewis*, "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." 518 U.S. at 351. The Court required plaintiffs to "go one step further [than merely identifying a theoretical shortcoming] and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* The Magistrate correctly determined that the Complaint lacked any such allegation. Lang's objection is similarly deficient.

Finally, Lang objects that his Complaint was "dismissed" by the Magistrate and not by a district judge. (Doc. 8 at 1). Lang is confused, however.[2] The Magistrate's Report and

---

[2] Lang's confusion is not, apparently, limited to the contents of the Report and Recommendation. He cites to unspecified "Bankrupt Rules" in objecting to the Magistrate's recommendation. Regardless, the statutory provision he cites, 28 U.S.C. § 636(b)(1) clearly permits referral of dispositive motions to a magistrate judge for presentation of "proposed findings of fact and recommendations for the disposition . .

Recommendation, *recommended* dismissal; it did not effect dismissal itself. (*See, e.g.,* doc. 6 at 6 (stating that the "Complaint *should be* DISMISSED." (emphasis added))). The Report and Recommendation further explained that it would be submitted to a district judge for review, pursuant to 28 U.S.C. § 636(b)(1)(C), (*id.* at 7), as it indeed has been. His objection to the Magistrate's initial review and submission of his Report and Recommendation, therefore, is meritless.

Since Lang has identified no defect in the Magistrate's analysis or recommendations in this case, the Court **ADOPTS** the Report and Recommendation. (Doc. 6). The Court, therefore, **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE**. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case.

**SO ORDERED**, this 13th day of February, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

. of any motion . . . and prisoner petitions challenging conditions of confinement." 28 U.S.C. § 636(b)(1)(B).